## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | : | |
| **ASSOCIATION OF NEW JERSEY** | : | **Civil Action No. 09-3761 (JAP)** |
| **CHIROPRACTORS, et al.** | : | |
| **Individually, and on behalf of all** | : | |
| **others similarly situated,** | : | **OPINION and ORDER** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **AETNA, INC., et al.,** | : | |
| | | |
| **Defendant.** | | |

Currently pending before the Court is Plaintiffs' Motion to File a Second Amended Complaint ("SAC") in order to "explicitly exclude monetary relief from" Plaintiff Manz's claims and to remove Plaintiff Egozi as a named Plaintiff. [Docket Entry No. 96]. Defendants Aetna, Inc., et al. ("Defendants") have filed an opposition to Plaintiff's Motion [Docket Entry No. 103]. After considering the submissions and arguments of the parties, and for good cause shown, Plaintiff's Motion for leave to Amend the Complaint is DENIED WITHOUT PREJUDICE.


## I. Background

The plaintiffs in this case are licensed medical providers ("Individual Plaintiffs") or chiropractic professional associations ("Association Plaintiffs"). Defendant Aetna is an insurer that offers, underwrites and administers commercial health plans ("Plans") through which healthcare expenses incurred by Plan participants for services covered by the Plans are reimbursed by Aetna pursuant to the terms of the Plan.

At times relevant to this case, the Individual Plaintiffs regularly submitted claims for reimbursement to Aetna for healthcare services they provided to Aetna insureds. Their claims for

benefits were submitted directly to Aetna on behalf of the insureds, and Aetna paid benefits for such services directly to the provider. Prior to making such payment, Aetna would evaluate the claim and make the determination that the treatments in question were "Covered Services", i.e., covered under the terms the insured's respective Plan. Benefit payments were made only for such Covered Services.

Aetna maintains a Special Investigation Unit ("SIU") to detect, investigate and prevent insurance fraud. According to Plaintiffs, the primary means by which the SIU identifies false or fraudulent insurance claims is through "Post Payment Audits." As a result of Post Payment Audits conducted on Individual Plaintiffs, Defendants determined that certain benefits to Individual Plaintiffs had been overpaid. In the form of a letter, Defendants demanded that Individual Plaintiffs return to Defendants the amount they were overpaid. Defendants' demand for reimbursement of benefits previously paid and their method for resolving objections to repayment has become the subject of this litigation.

On July 12, 2010, Plaintiffs filed their First Amended Complaint ("FAC") [Docket Entry No. 35] in which they asserted eight causes of action against Aetna ("Defendants") for alleged violations of RICO and ERISA and for equitable relief. Defendants thereafter filed several separate motions which were resolved in an Opinion and Order entered on June 17, 2011 [Docket Nos. 90 and 91][1]. That Order, in relevant part, granted Defendants' motion to compel arbitration and to dismiss Individual Plaintiffs Egozi's and Manz's claims [41]. Defendants have since filed an answer to Plaintiff's First Amended Complaint.

Plaintiffs now bring this motion seeking to Amend their Complaint again to "explicitly exclude monetary relief from" Plaintiff Manz's claims and to remove Plaintiff Egozi as a named

---

1. The Opinion and Order, dated June 17, 2011, were entered on the Docket on June 20, 2011.

2

Plaintiff. Plaintiffs repeatedly state that they wish to clarify that both Plaintiff Manz and Plaintiff Egozi are *not* seeking monetary relief in this action; but that they are limiting their claims solely to the injunctive relief of requiring compliance with ERISA. Specifically, Plaintiffs state that they will seek a "reversal of the retroactive benefit denial." They argue that, because Aetna has not actually recouped the funds they demand from Plaintiff Manz, a reversal of the retroactive benefit denial will only "reinstate" the prior benefits and will "not directly lead to monetary payments" to Plaintiff Manz. Plaintiffs contend that, once the retroactive benefit denial is reversed, Aetna may seek repayment provided that they afford Manz a "full and fair review" of its determinations. *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685 (7th Cir. 1992).

Defendants argue that Plaintiffs are, in essence, seeking reconsideration of the Court's June 2011 Order. Defendants assert that Plaintiffs' motion should be denied because Plaintiffs did not seek reconsideration properly and in a timely manner; nor did they attempt to file an Interlocutory appeal. In addition, Defendants state that the SAC "does little more than delete the allegations related to Plaintiff Egozi and add a one-line caveat for Plaintiff Manz purporting to disclaim any right to legal relief." A review of the SAC verifies this analysis. Defendants contend that Plaintiffs have not made any changes in the SAC which would cure defects in the FAC. Defendants argue that this Court has already dismissed claims pertaining to Plaintiff Manz and that the SAC re-pleads the same deficient claims and, as such, the claims are futile and the Motion should be denied.

Defendants also raise issue with Plaintiff's Complaint as it relates to Plaintiff Egozi. Defendant alleges that Plaintiffs are seeking an impermissible advisory opinion. Indeed, Plaintiff's Complaint sets forth what Plaintiff will do (file a separate Complaint) in the event the Court confirms that the arbitration clause is inapplicable to the claim for injunctive and equitable relief. Plaintiffs

3

assert that they do not seek any specific findings or opinions from the Court.  They explain that they included a discussion of Dr. Egozi simply to explain his intent to file a new Complaint.  As Dr. Egozi is no longer a party to this action (his claims having been dismissed in the Court's June 17, 2011 Order), the Court need not address this issue.

## II. Analysis

Leave to amend the pleadings is generally given freely.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Notwithstanding this liberal standard, courts will deny a motion to amend on grounds of dilatoriness or undue delay, prejudice, bad faith or futility.  *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005).  If there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted.  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  In reviewing a motion to amend, the court looks only at the pleadings.  *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau, Co., Inc.,* 106 F. Supp.2d 761, 765 (D.N.J. 2000).  In this case, the decision before the Court is whether Plaintiffs' proposed amended complaint is futile.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face."  *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).  Judge Pisano previously ruled on the nature of the relief sought by Plaintiff Manz in the June 17, 2011 Order.  At that time, the Court found that the relief he sought was truly legal in nature and, thus, was within the scope of the arbitration agreement signed by Plaintiff Manz.  Therefore, the specific issue before the Court in this Motion is whether Plaintiff Manz's claims as re-worded in the proposed SAC would cause the dispute to fall

outside of the scope of the arbitration clause contained in his provider agreement. For the reasons set forth below, the Court finds that they do not.

As Defendants point out, the June 17, 2011 Order held that Plaintiff Manz's claims were within the scope of his arbitration provisions. The Court essentially rejected Plaintiff's argument that Plaintiff Manz was seeking solely injunctive relief and agreed with Defendants in their assertion that

> a plaintiff cannot convert a claim of damages for breach of contract into an equitable claim by the facile trick of asking that the defendant be enjoined from refusing to honor its obligation to pay the plaintiff what the plaintiff is owed under the contract and appending to that request a request for payment of the amount owed. A claim for money due and owing under a contract is "quintessentially an action at law."

*Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000).

Defendants maintain that Plaintiffs still seek legal relief under the guise of equitable relief and the Court agrees. The Court addressed this issue at length in the June 17, 2011 Opinion. Plaintiffs cannot now, through re-wording, change the nature of the relief they seek. Although it would not literally lead to money changing hands, a "reversal of the retroactive benefit denial" to compel Aetna to comply with ERISA would have the same effect.

Furthermore, the Court previously ruled that Egozi's and Manz's claims arose out of and/or relate to their provider agreements because "the claims clearly relate to services these medical professionals provided in accordance with their provider agreements" and because their "challenges to Aetna's actions relate directly to provisions within their respective agreements." *See* June 17, 2011 Opinion at 28. Plaintiffs have not set forth new information or arguments which would alter this finding.

5

Consequently, the Court finds that Plaintiffs' proposed amendment in order to explicitly exclude monetary relief from Plaintiff Manz's claims, would be futile.

**III.  Conclusion**

Plaintiffs' SAC has not set forth any new factual allegations or arguments which would alter the Court's prior analysis on these issues.  For the aforementioned reasons, the Court finds that Plaintiff's Motion to Amend must be denied as futile.

THEREFORE, IT IS on this 7th day of October, 2011,

ORDERED that Plaintiff's Motion to Amend is DENIED WITHOUT PREJUDICE; and is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 96] accordingly.

    s/   Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**