NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY CHIROPRACTORS, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 09-3761-BRM-TJB |
| AETNA, INC., et al., | |
| Defendants. | |
| TRI3 ENTERPRISES, LLC, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 11-3921-BRM-TJB |
| AETNA, INC., et al., | **OPINION** |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiffs'[1] joint Motion for Reconsideration (Dkt. No. 09-3761, ECF No. 274[2]) of this Court's Opinion and Order dated March 29, 2018 (ECF Nos. 272, 273[3]), which

---

[1] There are two pending actions: the first action was filed in 2009 by Plaintiff Association of New Jersey Chiropractors ("ANJC") (Dkt. No. 09-3761), and the second action was filed in 2011 by Plaintiffs WMI Enterprises, LLC ("WMI") and Tri3 Enterprises, LLC ("Tri3 LLC") (collectively, "Tri3") (together with ANJC, "Plaintiffs"). (Dkt. No. 11-3921.) Both actions were consolidated for the purposes of discovery. Plaintiffs in both actions filed joint motions for reconsideration of the Court's Orders denying Plaintiffs' joint motions for class certification.

[2] Also available at Dkt. No. 11-3921, ECF No. 184. Unless otherwise noted, any ECF citation refers to Dkt. No. 09-3761, with duplicate copies filed in Dkt. No. 11-3921.

[3] Also available at Dkt. No. 11-3921, ECF Nos. 182, 183.

denied Plaintiffs' motion to certify a class. Defendants Aetna, Inc., Aetna Health Inc., Aetna Life Insurance Company, Corporate Health Insurance Company, and Aetna Insurance Company of Connecticut (collectively, "Aetna") oppose the Motion. (ECF No. 280.[4]) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(a), for the reasons set forth below and for good cause shown, Plaintiffs' Motion for Reconsideration is **DENIED**.

## I. BACKGROUND[5]

The underlying facts and procedural background are set forth at length in the Court's March 29, 2018 Opinion (ECF No. 272), from which Plaintiffs seek reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

In summary, the action arose from Plaintiffs' challenge to certain policies and procedures of Aetna's Special Investigation Unit ("SIU"). (Pls.' Mot. to Certify a Class (ECF No. 241) at 1.[6]) Plaintiffs are medical providers who submitted claims for payment to Aetna for services rendered to Aetna's plan members. (*Id.*) Plaintiffs are comprised of in-network providers ("Par Providers") and out-of-network providers ("Nonpar Providers"). (*Id.* at 5.) Aetna is an administrator of health

---

[4] Also available at Dkt. No. 11-3921, ECF No. 190.

[5] Plaintiffs' Motion for Reconsideration seeks review of the Court's Order denying Plaintiffs' motion for class certification. Because it was necessary for the Court to address the merits of the case and look beyond the pleadings to decide the certification question, *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 166 ("It may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."), any factual findings are based on a reading of the papers submitted in connection with Plaintiffs' motion for class certification, *In re Hydrogen Peroxide*, 552 F.3d 305, 310 (3d Cir. 2008) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 630 (1997)), and are for the purpose of this Motion only.

[6] Also available at Dkt. No. 11-3921, ECF No. 152.

benefit plans for plan members in accordance with the terms and conditions of the members' plan. (*Id.* at 4-5.) Aetna's SIU investigates suspicious claims submitted by medical providers both before claims are paid ("Pre-payment Review") and after claims are paid ("Post-payment Review"). (*Id.* at 6-7.) According to Plaintiffs, two distinct notices sent to providers by Aetna's SIU fail to comply with the Employee Retirement Income Security Act of 1974 ("ERISA"): (1) the Explanation of Benefits forms ("EOB") triggered by Aetna's OVRUTIL Provider Flags following Pre-payment Review; and (2) the overpayment recovery letters ("Overpayment Letters") following Post-payment Review. (*Id.*)

Plaintiffs argue Aetna's OVRUTIL Provider Flags and Overpayment Letters constitute wrongful denials of benefits in violation of Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and that benefits were wrongfully denied because the content in the OVRUTIL EOBs and the Overpayment Letters failed to satisfy the minimum procedural notice and appeal requirements under Section 503 of ERISA. (*Id.* at 17.) As a remedy, Plaintiffs request: (1) prior claim denials and overpayment determinations to be remanded to Aetna for full and fair review; and (2) injunctive relief to enforce ERISA's notice and appeal requirements for all future claim denials and overpayment determinations. (*Id*. at 17-18.)

Specifically, Plaintiffs first request previously denied claims be remanded to Aetna based on the violation of Section 503 "so that the affected plan [m]embers—or their lawful assignees—may receive the benefit of a full and fair review." (*Id.* at 18.) Significantly, Plaintiffs do not challenge "the underlying merits of each and every benefit denial caused by an Overpayment Letter or OVRUTIL Provider Flag." (*Id*. at 18.) Second, Plaintiffs seek injunctive and declaratory relief under Section 502(a)(3), asking this Court to: (1) declare the Overpayment Letters and OVRUTIL Provider Flag denials to be adverse benefit denials ("ABD"); (2) enjoin Aetna from issuing future

3

OVRUTIL Provider Flags and Overpayment Letters without properly complying with ERISA's notice and appeal requirements; and (3) grant any other equitable relief. (*Id.* at 18-19.)

On December 9, 2016, Plaintiffs filed joint motions for class certification, seeking to certify two classes—the Provider Flag Class and Overpayment Letter Class—each with two corresponding subclasses pursuant to Federal Rule of Civil Procedure 23(b)(1)(A) and (b)(2). (*Id.* 19-21.) With respect to the Provider Flag Class, Plaintiffs proposed the following class definition:

> All healthcare providers (such as individual practitioners, durable equipment suppliers, or facilities) who, from six (6) years prior to the original filing date of these actions to their final termination ("Class Period"): (1) received reimbursement from Aetna pursuant to an employer-sponsored benefit plan governed by ERISA; and (2) received benefit denials based on the following SIU Provider Flag: OVRUTIL.
>
> This class has two sub-classes: (1) providers who were, at the time they rendered the services in question, Par providers [("Par Providers Subclass")]; and (2) providers who were at the time rendered the services in question, Nonpar providers [("Nonpar Providers Subclass")].

(*Id.* at 19-20.) As to the Overpayment Letter Class, Plaintiffs proposed the following class definition:

> All healthcare providers (such as individual practitioners, durable equipment suppliers, or facilities) who, from six (6) years prior to the original filing date of these actions to their final termination ("Class Period"): (1) received reimbursement from Aetna pursuant to an employer-sponsored benefit plan governed by ERISA; and (2) after having received benefit payments from Aetna were sent an SIU Overpayment Letter from some or all of those payments. Excluded from this class are all providers who voluntarily paid Aetna, in whole or in part, in response to receiving said SIU Overpayment Letter.
>
> This class has two sub-classes: (1) [Par Provider Subclass]; and (2) [Nonpar Provider Subclass].

(*Id*. at 20-21.)

On March 29, 2018, the Court denied class certification under Rule 23(b)(1)(A) and (b)(2) for both the Provider Flag Class and the Overpayment Class, along with their two corresponding subclasses. (ECF No. 272.) Plaintiffs now seek reconsideration of the Court's Orders denying class certification under Rule 23(b)(1)(A) and (b)(2) for only the Overpayment Letter Class.

## II.  LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Group, Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *See also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.*, No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.")

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 27, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

**III. DECISION**

Plaintiffs argue the Order denying class certification for the proposed Overpayment Letter Class under Rules 23(b)(1)(A) and (b)(2) should be reconsidered because the Court based its decision on three erroneous factual and legal findings.[7] (ECF No. 274 at 1.) Specifically, Plaintiffs argue the Overpayment Letter Class satisfies Rule 23(b)(1)(A) and (b)(2) because the Overpayment Letters are ABDs, regardless of a demand for repayment. (*Id.* at 2-3.) Additionally, Plaintiffs argue the Overpayment Letter Class satisfies Rule 23(b)(2) because: (1) relief sought is limited to "go-forward" relief under ERISA; and (2) all proposed class representatives have active or unresolved repayment demands within the class definition. (*Id.* at 2-4.) In response, Aetna contends the Court correctly denied class certification after considering all of the parties' arguments and evidence. (ECF No. 280 at 1.) Specifically, Aetna argues Plaintiffs: (1) repeat their arguments that all overpayment letters are ABDs; (2) offer no new facts or law in support of class-wide relief; (3) propose a class that includes closed and inactive files; and (4) fail to address other issues the Court "did not need to reach in denying class certification." (*Id.* at 3-4.)

In the March 29, 2018 Opinion denying class certification, the Court found not all Overpayment Letters constituted an ABD, and therefore: (1) varying adjudications did not risk incompatible standards under Rule 23(b)(1)(A); and (2) the cohesiveness requirement was not satisfied under Rule 23(b)(2). (ECF No. 272 at 31, 38-39.) Here, Plaintiffs acknowledge "the Court went through great lengths to distinguish the [] Overpayment Letter Class from the ONET Repayment Demand Class certified in [*Premier Health Ctr., P.C. v. UnitedHealth Grp.*, No. 11-425, 2014 WL 4271970 (D.N.J. Aug. 28, 2014)]." (ECF No. 274 at 2). Nonetheless, Plaintiffs

---

[7] Plaintiffs only seek reconsideration of the Court's Order denying class certification of the proposed Overpayment Letter Class. (ECF No. 274 at 1.) Plaintiffs do not seek reconsideration to certify the proposed Provider Flag Class. (*Id.*)

7

request for reconsideration hinges predominantly on a recapitulation of the *Premier Health* decision, while reasserting the same arguments considered by the Court on the motion for class certification—whether all Overpayment Letters are ABDs. *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the Court before rendering its original decision fails to carry the moving party's burden.'" (quoting *Carteret Sav. Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989))). Indeed, Plaintiffs fail to cite "an intervening change in the controlling law," nor do they point out evidence not available when the Court denied certification or any "clear error[s] of law or fact or to prevent manifest injustice." *Max's Seafood Cafe*, 176 F.3d at 677. Rather, Plaintiffs attempt to relitigate whether Overpayment Letters constitute ABDs without offering newly discovered evidence or demonstrating clear error in law or fact as supported by the record. *See NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

Moreover, although Plaintiffs reference evidence in the record of Overpayment Letters expressly making demands for repayment, thereby constituting ABDs, Plaintiffs overlook other evidence in the record of Overpayment Letters not making demands for repayment, which do not constitute ABDs.[8] Because the record supports findings leading to the Court's decision, the

---

[8] As referenced in the March 29, 2018 Opinion, the Court noted any and all repayment demands constitute an ABD under ERISA, and therefore must comply with ERISA's notice and appeal requirements. *Premier Health*, 2014 WL 4271970, at *17. However, not every Overpayment Letter, here, makes a demand for payment. For example, one Overpayment Letter reads: "Please remit a check in the amount of $8,879.96 made payable to Aetna Life Insurance Company and mail to our office in the enclosed envelope no later than August 3, 2007." (Defs.' Br., Ex. 10 (ECF No. 247-6) at 42.) However, another Overpayment Letter reads: "After . . . Dr. Carnucci ha[s] had

8

decision does not suffer from "clear error." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 ("A decision suffers from 'clear error' only if the record cannot support the findings that led to that ruling."). Further, to the extent Plaintiffs rely on Department of Labor's ("DOL") amicus curiae from a separate action, the brief is neither a controlling decision of law nor binding on this Court. *See Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987) (holding request for reconsideration may be granted only when "dispositive factual matters or controlling decisions of law" are raised but not considered by the Court). Nevertheless, the DOL's amicus curiae was filed in reference to a case where "Aetna *demanded* restitution after it determined that the devices were not covered and thus it had made overpayment of benefits." Br. for The Sec'y of Labor as Amicus Curiae Supp. Pl.-Appellant, *Tri3 Enterprises, LLC v. Aetna, Inc.*, 535 Fed. App'x 192 (3d Cir. 2013) (No. 12-2308) (emphasis added). Furthermore, the Third Circuit noted it "did not reach the question of whether Tri3's allegations constituted a valid claim to recover denied benefits under [Sections] 502 and 503 of ERISA." *Tri3 Enterprises, LLC v. Aetna, Inc.*, 535 F. App'x 192, 196 (3d Cir. 2013).

Plaintiffs also argue the Court erred in considering a form of relief the Overpayment Letter Class did not seek. (ECF No. 274-1 at 12.) Specifically, Plaintiffs clarify the two forms of relief sought include:

> First, the SIU Overpayment Letter Class seeks remand to Aetna of the substantive disputes underlying its Overpayment Letters so that the affected plan Members—or their lawful assignees—may receive the benefit of a full and fair review. Second, the SIU Overpayment Letter Class seeks injunctive and declaratory relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to: (a) declare that Overpayment Letters are ABDs and therefore entitled to the procedural protections of ERISA; and (b) enjoin Aetna from

---

an opportunity to review Aetna's findings, it may be helpful for the parties to meet to review the records and findings together. Please let me know if you are interested in doing so." The second Overpayment Letter sent, unlike the first, did not explicitly demand repayment.

> continuing to issue Overpayment Letters without first complying ERISA.

(*Id.* at 12-13.) Contrary to Plaintiffs' assertion, however, the Court addressed both forms of relief in its March 29, 2018 Opinion. Indeed, the Court found remanding previously denied claims would not be a proper remedy because Plaintiffs' claims are about process, not the merits of individual overpayment disputes.[9] (ECF No. 272 at 33-34.) Additionally, the Court considered Plaintiffs' request for injunctive and declaratory relief, but found a "single injunction would not provide class-wide relief because individualized determinations would be required to establish [whether] the Overpayment Letter made a request for payment," and thus entitled to the procedural protections under Section 502(a)(3) of ERISA. (*Id.* at 39.) Accordingly, Plaintiffs' mere disagreement with the Court is an insufficient basis for reconsideration. *See Bermingham v. Sony Corp. of Am. Inc.*, 820 F. Supp. 834, 859 n.8 (D.N.J. 1993) ("Disagreement with a considered statement of the court is not a basis for reconsideration.").

Finally, Plaintiffs contend the Court denied certification because the "claim for relief would require reopening closed files to pursue claims that have already been resolved." (ECF No. 274 at 14.) The argument fails, however, because it is not dispositive to the Court's ultimate decision in denying certification. *See ABS Brokerage Servs.*, 2010 WL 3257992, at *6 ("[A] party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling."). Rather, the Court denied certification because, without a demand for repayment, not all Overpayment Letters constituted an ABD, and therefore: (1) varying adjudications did not risk incompatible standards under Rule 23(b)(1)(A); and (2) the cohesiveness requirement was not

---

[9] To the extents Plaintiffs now argue they seek remand to Aetna of the substantive disputes underlying its Overpayment Letters, Plaintiffs conceded in their motion for class certification they "do not ask this Court to determine the underlying merit of each and every benefit denial caused by an Overpayment Letter." (ECF No. 241 at 18.)

satisfied under Rule 23(b)(2). (ECF No. 272 at 31, 38-39.) Indeed, this was the distinction the Court made between the present case and *Premier Health*. Although Plaintiffs repeat their argument that all Overpayment Letters violate ERISA's notice and appeal rights, without an evidentiary showing, clear error in the Court's factual or legal findings has not been established. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986) (holding the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence"). Accordingly, because Plaintiffs fail to meet their burden, the Motion for Reconsideration to certify the Overpayment Letter Class under Rule 23(b)(1)(A) or (b)(2) is **DENIED.**

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Reconsideration (ECF No. 274) is **DENIED**. An appropriate Order will follow.

**Date:** November 26, 2018  */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**